IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA | No. C 06-2844 MJJ |
| Plaintiff, | **CASE MANAGEMENT CONFERENCE ORDER** |
| v. | |
| Betty Eby | |
| Defendant. | |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Martin J. Jenkins on Tuesday, __8/1/06__ at 2:00 p.m. in Courtroom No. 11, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5.  Following service, plaintiff(s) shall file a certificate of service with the Clerk of the Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below.  Not less than ten days before the conference, counsel shall file a joint case management statement addressing each agenda item.  Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure.  Failure to show good cause for such failure may subject the parties to sanctions.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Any request to reschedule the above dates should be made in writing , and by stipulation, if possible, not less than ten days before the conference date.  Good cause must be shown.

The parties should be prepared to address and resolve at the Case Management Conference the following: setting the date and the estimated length of the trial; setting the date for discovery cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial conference.

Other agenda matters which the Court will address at the Case Management Conference include the following:

1.   Does the Court have subject matter jurisdiction over all of the plaintiffs' claim(s) and defendants' counter-claim(s) ?  What is the basis of the jurisdiction?  Are all the parties subject to the Court's jurisdiction?  Do any parties remain to be served?

2.   What are the factual and legal bases for plaintiff's claims and defendant's defenses? Defendant's counter-claims and plaintiff's defenses to the counterclaims?

3.   What are the factual and legal issues genuinely in dispute?

4.   What are the issues that can be narrowed by agreement or by motions?  Are there dispositive or partially dispositive issues appropriate for decision on motion?

5.   What are the motions anticipated by the parties?

6.   What relief does plaintiff seek?  What is the amount of damages sought by plaintiff's claim(s)?  What is the amount of damages sought by defendant's counterclaims(s)?  How are the damages computed?

7.   What discovery deos each party intend to pursue?  Can discovery be limited in any manner?  Are there any alternative methods available to obtain the necessary information?  Should a discovery order and conference be entered pursuant to Fed.R.Civ.P 26(f)?

8.   Is this case suitable for reference to binding arbitration, to a Special Master, Or to a Magistrate Judge for trial?  Is the case suitable for reference to the Judicial Panel on Multidistrict

Litigation?

9. Will this case be tried by a jury? What is the anticipated length of trial? Is is possible to reduce the length of trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence? Is it feasible and desirable to bifurcate issues for trial?

10. Are there related cases pending before other Judges of this Court? See Civil L.R. 3-12.

11. If a class action, how and when will the class(es) be certified?

12. What are the earliest reasonable dates for discovery cutoff, pretrial conference and trial?

13. What are the prospects for settlement? Does any party wish to have a settlement conference with another Judge or Magistrate Judge? How can settlement efforts be assisted? See A.D.R.L.R.7.

14. Such other matters as any party considers conductive to the just, speedy and inexpensive determination of the action.

Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed.R.Civ.P. 16(f), Civil L.R. 1-4.

**IT IS SO ORDERED.**

Dated: 3/8/2001                                             /s/ Martin J. Jenkins
                                                            United States District Judge

IN THE UNITED STATES DISTIRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**NOTICE TO ALL PRO SE PARTIES**

**ORDER RE: CHANGE OF ADDRESS**


As <u>pro se</u> parties are not represented by counsel, the Court is dependent upon the parties to keep the court informed of their whereabouts and address changes.  However, it has come to the attention of the Court that <u>pro se</u> parties frequently fail to notify the Court when they move or otherwise change their mailing address.  As a result, the Court is often forced to expend substant6ial time and resources in efforts to locate and keep track of <u>pro se</u> parties.

Therefore, the <u>pro se</u> plaintiff in this action is instructed at all times to keep the court and opposing parties advised as to his or her current address.  The <u>pro se</u> plaintiff is hereby notified that if mail directed to said party by the clerk is returned by the Post Office, and if said party fails to notify the court and opposing parties within 60 days thereafter of his or her current address, the court may dismiss this action without prejudice for failure to prosecute.


Dated: December 29, 1997         /s/ Martin J. Jenkins
                                 **THE HONORABLE MARTIN J. JENKINS**
                                 UNITED STATES DISTRICT COURT