PAULA K. BAUER
   ATTORNEY AT LAW
STATE BAR NO. 142009
3505 SONOMA BLVD., #168
VALLEJO, CA 94590-2920
(T): 707.647.2715
(F): 707.638.8187
paula@bauerlaw.com

Specially Appearing for Respondent
BETTY J. EBY

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

♦ ♦ ♦ ♦

| | |
|---|---|
| UNITED STATES OF AMERICA AND SARA BENTLEY, REVENUE OFFICER,<br><br>PETITIONERS,<br>v.<br><br>BETTY J. EBY,<br><br>RESPONDENT. | Case No. C-06-2844-SBA<br><br>RESPONDENT'S ADDITIONAL POINTS AND AUTHORITIES SUPPORTING MOTION TO DISMISS |

    Pursuant to leave granted by the Hon. Martin J. Jenkins, Respondent Betty J. Eby, through special appearance by counsel Paula K. Bauer, files this additional Memorandum of Points and Authorities in Support of Respondent's Motion to Dismiss.

**Question Presented:**

    At this stage in these proceedings, has Ms. Eby waived or otherwise lost her opportunity to assert her Fifth Amendment right against self-incrimination?

    For reasons articulated below, Ms. Eby respectfully posits that she has not waived her Fifth Amendment right against self-incrimination, and that her assertion of that right at the February 11, 2008 hearing constituted compliance with the Court's order of January 29, 2008, thus entitling her to dismissal of the contempt order against her.

## I. MS. EBY HAS NOT WAIVED OR OTHERWISE LOST HER OPPORTUNITY TO ASSERT HER FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION.

Petitioners' argument that Ms. Eby has waived her Fifth Amendment right against self-incrimination rests primarily on three points: 1) Ms. Eby failed to raise the defense in a timely manner; 2) Ms. Eby's partial compliance in a hallway conversation with government attorney Thomas Moore constitutes waiver; and, 3) Ms. Eby has no reasonable fear of self-incrimination, thus rendering the defense unavailable.

### 1. MS. EBY TIMELY RAISED HER RELIANCE ON THE FIFTH AMENDMENT.

Although previous court hearings were held in this action, and previous IRS audit hearings were held that Ms. Eby attended, the February 11, 2008 compliance hearing was the first time that IRS agents asked specific questions of Ms. Eby, and thus was the first time Ms. Eby could invoke her Fifth Amendment right against self-incrimination. In this respect, the instant action is similar to *US v. Drollinger*, 80 F.3d 389, 393 (9th Cir., 1996), which found that one cannot invoke the Fifth Amendment privilege on a question-by-question basis until specific questions are asked. In *Drollinger*, Respondent made himself available to the IRS, but did not raise the Fifth Amendment defense until after the enforcement and contempt hearings because he was not asked specific questions until then. Similarly, Ms. Eby appeared at several IRS audits, and in fact brought her documents to the January 29 show cause hearing, but was not asked to produce the documents at that time nor was she asked any specific questions about those documents in court.

*United States v. Grable*, 98 F.3d 251 (6th Cir., 1996) is also similar and instructive. Here, income tax returns were not filed and an investigation was opened. At a contempt hearing for failing to provide documents, the lower court found Respondent in contempt after deciding that the Fifth Amendment privilege was not available to him. The Sixth Circuit reversed and remanded, being unable to determine from the record whether Respondent's Fifth Amendment privilege had been waived or otherwise lost. *Grable* discusses at some length the Court's obligation to hold an in camera review of documents over which Respondent claims privilege,

-2-

Respondent's Additional Points & Authorities
No. C-06-2844-SBA

and that Respondent's failure to produce documents for this hearing would constitute waiver. *Id.*, 98 F.3d at 256-57. The Court did not hold a similar hearing in the instant case, and in fact, no judicial determination has been made regarding Respondent's right to claim her Fifth Amendment privilege.

The instant case differs significantly from *United States v. Brown,* 918 F.2d 82 (9th Cir., 1990). *Brown* held that Respondent could not raise the Fifth Amendment defense at the contempt hearing because that defense had already been litigated by a magistrate judge and found lacking. *Id.,* at 83. That is simply not the case here. No determination has been previously made that Ms. Eby was not entitled to assert her right against self-incrimination in these proceedings.

The Ninth Circuit specifically addressed the issue of a pro se litigant raising the Fifth Amendment right at contempt proceedings in *United States v. Bodwell*, 66 F.3d 1000, 1002 (9th Cir., 1995), and found abuse of discretion in the lower court's failure to consider the defense. See also *United States v. Rendahl*, 746 F.2d 553, 555 (9th Cir., 1984) (Respondents not barred from raising Fifth Amendment defense at contempt hearing); and *United States v. Sharp*. 920 F.2d 1167, 1170 (no waiver of Fifth Amendment on technical grounds by pro se litigant).

**2.   PARTIAL COMPLIANCE DOES NOT CONSTITUTE WAIVER.**

*Drollinger* is instructive on this element also. Here, the court issued an order to enforce compliance with IRS summonses. Although Respondent appeared before IRS agents pursuant to the order, he did not produce documents nor provide testimony. Respondent then did not appear at the subsequent contempt hearing, and was held in contempt. Subsequent court hearings were held, after which Respondent met with IRS agents and provided some documents and answered some questions but invoked his right against self-incrimination as to other questions. Ultimately, the Ninth Circuit held that Respondent had not waived his right to invoke the Fifth Amendment. *Drollinger, supra*, 80 F.3d at 393.

The cases the government relies upon for the proposition of waiver are inapposite. *Rogers v. United States*, 340 U.S. 367 (1951), for example, involved whether one who admitted

Respondent's Additional Points & Authorities
No. C-06-2844-SBA

1  to membership in the Communist Party could later raise the Fifth Amendment privilege to avoid
2  identifying additional members.  The Court, despite a forceful dissent by Justice Black, found
3  waiver.  Similarly, *United States v. White*, 846 F.2d 678, 690 (11th Cir.) *cert. denied*, 488 U.S.
4  984(1988) involved whether accused Ku Klux Klan members waived their Fifth Amendment
5  right in the course of submitting to deposition by a private party.

6        The government's opposition makes much of the fact that Ms. Eby brought documents to
7  the January 29 hearing, but that was what she had been ordered to do.  The presence of the
8  documents in the courtroom did not amount to production, nor was she asked to produce
9  documents at that hearing.  And despite what may have been said in the hallway conversation
10 with Mr. Moore, that conversation did not result in actual production of documents that day or
11 any day since.  The instant case appears more similar to *Sharp* and *Drollinger*, where partial
12 production and partial compliance by Respondents was not found to be waiver of the
13 constitutional right.

14       **3.    Ms. Eby Has a Reasonable Fear of Self-Incrimination.**

15       Ms. Eby was told by IRS agent Ryan that documents she produced could be used against
16 her criminally, even though the current action was not criminal.  The intertwined nature of civil
17 and criminal tax proceedings is well-known, and Ms. Eby's fear of prosecution was reasonable.

18       In *Sharp*, the lower court found that the Fifth Amendment was not available to
19 Respondent on the ground that he did not have a reasonable fear of self-incrimination because the
20 government indicated it had no present intent to purse criminal prosecution.  *Sharp, supra*, 920
21 F.2d at 1170.  The Fourth Circuit reversed this finding.  Like the instant case, *Sharp* involved a
22 government investigation into whether taxes had been paid for the years in question.  The Fourth
23 Circuit held that Fifth Amendment protection "may apply in the context of an IRS investigation
24 into civil tax liability, given the recognized poetential that such investigations have for leading to
25 criminal prosecutions."  *Id.*, citations omitted.  *Sharp* determined that the court should perform a
26 two-part inquiry: 1) is the information sought incriminating; and if so, 2) is criminal prosecution
27 probable such that constitutional protection should apply.  *Sharp* found the incriminating nature

28
-4-

Respondent's Additional Points & Authorities
No. C-06-2844-SBA

1 of the information sought was facially evident from the questions themselves and the

2 circumstances under which they were asked in this tax investigation, and that the reasonableness

3 of the threat of criminal prosecution should have been assumed absent some indication that the

4 government would be legally unable to prosecute, for example, on statute of limitations grounds.

5 *Id.*

6     *United States v. Argomaniz*, 925 F.2d 1349 (11th Cir., 1991) followed *Sharp*, noting the

7 intertwined nature of the tax system's civil and criminal elements, and stating that the best

8 procedure would be for the district court to conduct an in camera review to evaluate the

9 reasonableness of the taxpayer's claim of incrimination. Here, the Eleventh Circuit reversed the

10 lower court's order compelling compliance with the summons, and remanded for in camera

11 review.

12     **CONCLUSION.**

13     Ms. Eby believes that her reliance on her Fifth Amendment right against self-

14 incrimination in this IRS investigation has been timely and consistent. She has not waived this

15 right, either voluntarily or involuntarily. When asked specific questions at the February 11

16 hearing, she specifically invoked her Fifth Amendment right. She could not have done so earlier

17 since she had not been asked specific questions earlier.

18     Should the Court disagree and find that the Fifth Amendment protection is no longer

19 available to her, Ms. Eby also respectfully posits that her actions here have been in good faith in

20 that she had a reasonable belief at the February 11 hearing that she still retained the protection of

21 the Fifth Amendment right against self-incrimination, and that a good faith effort to comply with

22 a court order negates the element of wilful disregard. (*United States v. Baker*, 641 F.2d 1311,

23 1318 (9th Cir., 1981).)

24 Respectfully submitted this 9th day of April 2008.

25

26

27                                                                                                                   PAULA K. BAUER
                                                                                                                  Specially Appearing for Respondent Betty Eby

28                                                                 -5-

Respondent's Additional Points & Authorities
No. C-06-2844-SBA